**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVELIN SUREIMA GARCIA-PEREZ; et al.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 25-3277

Agency Nos.
A201-734-053
A201-734-054
A201-734-055

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Evelin Sureima Garcia-Perez and her family, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for asylum, withholding of removal, and protection

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).

We do not disturb the agency's determination that petitioners failed to show they suffered harm that rose to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (threats by phone and in person, without acts of violence, were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

As to well-founded fear of future persecution, petitioners do not challenge the BIA's conclusion that they waived review of the IJ's dispositive determination that they failed to demonstrate the Guatemalan government is unable or unwilling to protect them, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Because petitioners failed to show eligibility for asylum, they failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, petitioners' asylum and withholding of removal claims fail.

We do not address petitioners' contentions as to the cognizability of their proposed particular social groups and nexus because the BIA did not deny relief on

those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**